# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ANTOINE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P. FIGUEROA, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00760-LJO-SMS PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION, AND SETTING NEW DISCOVERY AND MOTION DEADLINES<br><br>(Doc. 18)<br><br>Discovery Deadline: 03/21/2011<br>Motion Deadline: 06/21/2011 |

　　　　Plaintiff Paul Antoine is a former state prisoner proceeding pro se in this civil rights action, which Defendants Figueroa and Anlauf removed from Kings County Superior Court on May 29, 2008. 28 U.S.C. § 1441(b). This action is proceeding against Defendants Figueroa and Anlauf for retaliation, and against Defendant Figueroa for denial of access to the courts, in violation of Plaintiff's federal constitutional rights. 42 U.S.C. § 1983.

　　　　Pending before the Court is Defendants' motion to compel Plaintiff's deposition, filed December 30, 2009. On January 29, 2010, Plaintiff was ordered to file a response to the motion, but he did not comply with or otherwise respond to the order.

　　　　Defendants noticed Plaintiff's deposition for December 8, 2009, at 10:00 a.m. in Sacramento, California. (Doc. 18-4, Ex. B.) The notice was returned by the postal service as undeliverable with the notation "Return to Sender/Attempted-Not Known/Unable to Forward," and there is no current

telephone number for Plaintiff.[1] (Doc. 18-2, Hung Dec., ¶¶5, 6, 8.) Not surprisingly, Plaintiff failed to appear for his deposition. (Id., ¶7.) Defendants seek an order compelling Plaintiff's deposition.[2]

The deposition notice was served on November 17, 2009, and gave reasonable notice of the deposition set for December 8, 2009. Fed. R. Civ. P. 30(b)(1). Plaintiff has proffered no explanation for his failure to attend his deposition, and Defendants' motion to compel his appearance shall be granted. Pursuant to the Court's order of January 29, 2010, new discovery and pretrial dispositive motion deadlines shall be set to allow Defendants sufficient time to notice another deposition and take appropriate action should Plaintiff again fail to appear.[3]

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to compel Plaintiff's deposition, filed December 30, 2009, is GRANTED;

2. Plaintiff is ordered to appear for his deposition, and the failure to appear will subject Plaintiff to sanctions deemed appropriate by the Court;

3. The new deadline for the completion of all discovery is March 21, 2011; and

4. The new deadline for filing pretrial dispositive motions is June 21, 2011.

IT IS SO ORDERED.

Dated:     December 8, 2010                    /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants point out that the telephone number for Plaintiff in the Court's record is a prison litigation office. The notice of change of address filed in this case provides only Plaintiff's residential address. (Doc. 8.) It is unclear why a telephone number and a facsimile number were entered for Plaintiff.

[2] Defendants also seek an order requiring Plaintiff to file an updated notice of change of address. Because neither the Court nor Defendants are aware of Plaintiff's current address, such an order would serve no purpose. Service on Plaintiff at his address of record is deemed effective despite its apparent inaccuracy. Local Rule 182(f).

[3] In a findings and recommendations issued concurrently with this order, the Court recommended dismissal of this action for failure to prosecute. Resolution of that issue may render the need for any further action by Defendants unnecessary.