# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ANTOINE,<br><br>                    Plaintiff,<br><br>          v.<br><br>P. FIGUEROA, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:08-cv-00760-LJO-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>(Doc. 19)<br><br>TEN-DAY OBJECTION PERIOD |

Plaintiff Paul Antoine is a former state prisoner proceeding pro se in this civil rights action, which Defendants Figueroa and Anlauf removed from Kings County Superior Court on May 29, 2008. 28 U.S.C. § 1441(b). This action is proceeding against Defendants Figueroa and Anlauf for retaliation, and against Defendant Figueroa for denial of access to the courts, in violation of Plaintiff's federal constitutional rights. 42 U.S.C. § 1983.

On December 30, 2009, Defendants filed a motion to compel Plaintiff's deposition, following Plaintiff's failure to appear at his properly noticed deposition. On January 29, 2010, the Court issued an order requiring Plaintiff to file an opposition or a statement of non-opposition to Defendants' motion to compel within thirty days. Plaintiff was warned that the failure to comply with the order would result in the imposition of sanctions, including possible dismissal. Almost a year has passed and Plaintiff has not complied with the order or otherwise been in contact with the Court.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles

County, 216 F.3d 837, 841 (9th Cir. 2000).   In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending more than two years. Plaintiff is obligated to comply with the Federal Rules of Civil Procedure, the Local Rules, and court orders. Plaintiff was required to appear for his deposition and failed to do so. Plaintiff then failed to comply with the order requiring him to respond to Defendants' motion to compel. Finally, Plaintiff's address of record is no longer accurate and despite the passage of more than a year, no address update has been filed. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to comply with discovery rules and the Court's order that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court and the State of California from further unnecessary expenditures of their scare resources. Plaintiff is proceeding pro se and is a former prisoner, making monetary sanctions likely of little use, and given this stage of the proceedings, the preclusion of evidence or witnesses is likely to have no effect on a plaintiff who has ceased litigating the case.

Finally, because public policy favors disposition on the merits, this factor usually weighs against dismissal. Id. at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," as is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted).

Based on Plaintiff's failure to comply to with or otherwise respond to the Court's order and Plaintiff's failure to keep the Court and Defendants informed of his current address, the Court is left with no alternative but to dismiss the action for failure to prosecute. In re PPA, 460 F.3d at 1228. This action, which has been pending since 2008, can proceed no further without Plaintiff's cooperation and compliance with court orders, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id. Accordingly, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **ten (10) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 8, 2010**          **/s/ Sandra M. Snyder**
                                       UNITED STATES MAGISTRATE JUDGE